IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DONALD HENNEBERG**,

        Plaintiff,

v.

**JANE DOE,** *Officer, Vandalia, CC,*

        Defendants.

Case No. 20-cv-00578-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Donald Henneberg brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while incarcerated at Vandalia Correctional Center ("Vandalia"). Henneberg claims that safety protocols were not followed in his housing unit during the COVID-19 pandemic. He seeks monetary damages.

    The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

    Henneberg alleges the following: Beginning on March 16, 2020, the Illinois Department of Corrections ("IDOC") established guidelines to be followed at correctional facilities to prevent the spread of COVID-19. The guidelines direct maintaining social distancing of at least six feet, washing hands for at least twenty seconds, and maintaining sanitary conditions. During the

pandemic, Henneberg was housed at Vandalia in Dorm G in unsanitary conditions, where the IDOC guidelines were not implemented or followed.

Prior to the pandemic, Dorm G was not at full capacity, leaving distance between inmates. After IDOC implemented the COVID-19 guidelines, Dorm G was filled to capacity, not allowing any social distancing between inmates. There was also nothing done regarding sanitary conditions in Dorm G. The dorm had rodents, the toilets and phones were not being disinfected after use, and inmates were not given cleaning supplies. Henneberg spoke with Correctional Officer Jane Doe, but nothing was done to improve the conditions. He requested soap to wash his hands from Jane Doe and was told that "they don't have any." Jane Doe was aware of the IDOC guidelines and chose not to follow any of them.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Count:

> **Count 1:** Eighth Amendment unconstitutional conditions of confinement claim against Jane Doe for failing to follow and implement COVID-19 safety protocols in Dorm G where Henneberg was housed.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The Eighth Amendment prohibits cruel and unusual punishment and has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir.1994).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

Prison officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir.2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted).

In this case, Henneberg has identified a number of conditions that collectively support a claim for unconstitutional conditions of confinement. Furthermore, Henneberg claims that Jane Doe failed to act when notified of the conditions, resulting in a serious threat to Henneberg's health and safety, especially in the middle of a pandemic. Accordingly, Count 1 will proceed against Jane Doe.

### IDENTIFICATION OF UNKNOWN DEFENDANT

Henneberg will be allowed to proceed with Count 1 against Jane Doe. This defendant must, however, be identified with particularity before service of the Complaint can be made. Henneberg will have the opportunity to engage in limited discovery to ascertain her identity. *Rodriguez,* 577 F.3d at 832. The Warden of Vandalia Correctional Center, Angela Locke, will be added as a defendant in this action, in her official capacity only, and shall be responsible for responding to discovery aimed at identifying this unknown defendant. Guidelines for discovery will be set at a later date. Once the name of this unknown defendant is discovered, Henneberg must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Jane Doe. The Clerk of Court is **DIRECTED** to add **Angela Locke**, the Warden of Vandalia Correctional Center, as a defendant in her official capacity only for the purpose of identifying the Jane Doe defendant.

The Clerk of Court shall prepare for **Locke** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. **Locke need not answer or otherwise respond to the Complaint as she is only in this case for the purpose of identifying the Jane Doe defendant. She must only enter her appearance and will receive further instructions on discovery at a later date.**

Service shall not be made on the unknown defendant, Jane Doe, until such time as Henneberg has identified her by name in a properly filed motion for substitution. Henneberg is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Pursuant to Administrative Order No. 244, Defendant Jane Doe, once identified, need only respond to the issues stated in this Merit Review Order.

If judgment is rendered against Henneberg, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Henneberg is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 15, 2021**

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Henneberg is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Henneberg need not submit any evidence to the Court at his time, unless otherwise directed by the Court.