IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HENNEBERG,<br><br>    Plaintiff,<br><br>v.<br><br>JANE DOE, and<br>ANGELA LOCKE,<br><br>    Defendants. | Case No. 20-cv-00578-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  This matter is before the Court on discovery issues regarding the identification of Jane Doe, the only defendant in this case. Pending before the Court is a motion filed by Plaintiff Henneberg asking the Court to take additional steps to identify Jane Doe. (Doc. 25). For the following reasons, the motion is denied, and the case is dismissed.

### BACKGROUND

  Plaintiff Henneberg is proceeding on one Eighth Amendment claim against Officer Jane Doe for failing to follow and implement COVID-19 safety protocols while he was housed in Dorm G at Vandalia Correctional Center ("Vandalia"). (Doc. 13). The Court added the Warden of Vandalia, Angela Locke, as a defendant in her official capacity only for the purpose of responding to discovery aimed at identifying Jane Doe. On November 8, 2021, the Court then issued an Initial Scheduling Order allowing limited discovery for the purpose of identifying and serving the unknown defendant. (Doc. 23). Plaintiff Henneberg was directed to file a notice with the Court and to provide to the Warden's attorney any information he possessed which would help identify Jane Doe by December 8, 2021. Defendant Warden Locke had until December 23, 2021, to

likewise file a notice with the Court and provide to Henneberg the identity of Jane Doe. Henneberg then had until January 7, 2022, to file a motion to substitute. Henneberg was warned that failure to comply with the Court's directives and to identify Jane Doe would result in the dismissal of Jane Doe and the entire case.

Henneberg did not file a notice with the Court detailing any descriptive information of the Jane Doe or specific times and dates of their interactions. On December 21, 2021, Defendant Locke filed a notice of compliance stating that Henneberg had not provided her any information to aid in the identification of the Jane Doe Defendant, and so, Locke was unable to provide Henneberg assistance or additional information regarding Jane Doe's identity. (Doc. 24).

Four days before the deadline to file the motion to substitute, Henneberg filed the current motion seeking the Court's assistance, and Locke filed a response in opposition. (Doc. 26).

**PENDING MOTION**

In the motion, Henneberg asks the Court to find the identity of Jane Doe by "check[ing] on the correction officer who was working at the time of the incident." (Doc. 25). He alleges the date is listed in the Complaint. He contends that the prison should have records of who was working at that time, and he can identify Jane Doe by reviewing those records.

In response, Locke argues that Henneberg has failed to follow the Court's instructions to provide identifying information to her. (Doc. 26). Instead, a month after the deadline, Henneberg has filed the current motion directing the Court and Locke to again review the Complaint. Locke points out that Henneberg does not give any reason for why he failed to timely provide descriptive information. He only states that he cannot remember Jane Doe's name. Locke asks the Court to deny the motion and dismiss Henneberg's Complaint for failure to comply with the Court's Initial Scheduling Order.

The Court agrees with Defendant Locke. Henneberg has failed to comply with the Court's

Initial Scheduling Order. He did not directly communicate with Locke's attorney or file a notice with the Court by the December 8 deadline as directed. Additionally, Henneberg has not filed a motion substitute by the January 7 deadline. While he does request a work roster for the date the incident occurred, he does not provide a date. He simply points the Court and Locke back to the Complaint, which, contrary to his contention, does not provide specific days or times for his interaction with Officer Jane Doe. He also does not give any physical descriptions of this individual. Finally, Henneberg does not explain why he was unable to timely engage in discovery with Locke, and the Court does not find good cause to modify the scheduling order. FED. R. CIV. P. 16(b). *See also Alioto v. Town of Lisbon,* 651 F. 3d 715, 720 (7th Cir. 2011) ("the primary consideration for district courts is the diligence of the party seeking amendment").

For these reasons, the motion for the Court to take additional steps to find the identity of Jane Doe is **DENIED.** (Doc. 25). Jane Doe Defendant and this entire action are **DISMISSED** with prejudice based on Henneberg's failure to comply with the Court's discovery order. *See* FED. R. CIV. P. 41(b). *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

The Clerk of Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

**DATED:   January 19, 2022**

                                              *s/ Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**